UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CRYSTAL LAGOONS U.S. CORP., et al.

    Plaintiffs,

v.                                                     Case No: 8:23-cv-519-TPB-AEP

OASIS AMENITIES, LLC, et al.,

    Defendants.
_____/

## ORDER DENYING MOTIONS IN LIMINE

This matter is before the Court on "Plaintiffs' Motion in Limine to Exclude Defendants' Evidence of Plaintiffs' Other Lawsuits" (Doc. 386), "Plaintiffs' Omnibus Motion in Limine" (Doc. 391), and "Defendants' Joint Motion in Limine" (Doc. 398). Responses in opposition were filed. (Docs. 406, 412, 415). The Court addressed the motions at a case management conference on July 16, 2025. (Doc. 460). Based on the motions, responses, argument of counsel, the court file, and the record, the Court finds as follows:

### Background

This case presents a business dispute between competitors involved in the creation of lagoons, large bodies of clear water to be used for swimming and other recreational activities. Plaintiffs Crystal Lagoons U.S. Corp. and Crystal Lagoons Technologies, Inc. (together, "Crystal Lagoons" or "Plaintiffs") provide their developer clients with information and services for the design, construction, and

operation of lagoons, and they have been involved in the creation of numerous such lagoons located around the world. The developer engages other design professionals such as landscape architects and engineers to design and create the lagoon based on Plaintiffs' information.

Defendants in this case are four individuals – Dean Atkinson, Scott Andreasen, Jacob Rogers, and Raymond Hall – who previously worked as consultants or contractors on Crystal Lagoons projects and then created a company, Defendant Oasis Springs, to offer a product similar to and competing with Crystal Lagoons' product. Additionally named as Defendants are two companies affiliated with Atkinson, Com Pac Filtration and Unique Aquatic Design.

Plaintiffs filed this suit against Oasis and the other Defendants, contending that they created their "Oasis Springs" product by misappropriating Plaintiffs' trade secrets and confidential information. Plaintiffs contend Defendants' conduct resulted in the loss of Plaintiffs' contracts with their client, Metro Development, for four projects with Metro known as Parrish Lakes, Angeline Ranch, Oak Stone, and Ridgewood. The complaint asserts counts for misappropriation of trade secrets under federal and state statutes, breach of non-disclosure agreements, tortious interference with Plaintiffs' contractual and business relationships, and unfair trade practices.

Both sides have filed motions in limine on various grounds, which the Court addresses below.

## Analysis

### *"Plaintiffs' Motion in Limine to Exclude Defendants' Evidence of Plaintiffs' Other Lawsuits" (Doc. 386)*

Plaintiffs believe Defendants wish to present evidence of other lawsuits filed by Plaintiffs to argue that Crystal Lagoons is overly litigious and engaged in an anticompetitive agenda of which this suit is a part. Plaintiffs argue that this evidence is barred by a litigation privilege and in any event is irrelevant, prejudicial, and will waste time and confuse the issues, leading to "mini-trials" over the issues in the other lawsuits.

Defendants argue that this evidence is relevant. They argue that their defenses include assertions that Plaintiffs' claims are barred by theories of equitable estoppel and unclean hands, which Defendants will attempt to support by proof that Plaintiffs use non-disclosure agreements and trade secret protections to discourage legitimate competition rather than to protect any legitimate interest. The Court has serious doubt about the viability of a "defense" based on Plaintiffs' motive in filing the lawsuit, and Defendants present no authority to support such a defense. The issue in this case is whether Plaintiffs can establish their claims under the applicable law, not why they seek to do so. Courts have held in numerous contexts that a party's motivation for bringing a lawsuit is irrelevant. *See, e.g., Tallman v. Freedman Anselmo Lindberg, L.L.C.*, No. 11-3201, 2013 WL 2631754, at *3 (C.D. Ill. June 12, 2013).[1]

---

[1] The Court therefore does not address whether such defenses would be barred by Florida's litigation privilege. The cases cited by Plaintiffs precluded various types of affirmative claims for relief based on litigation conduct, but do not address defenses.

Even assuming Plaintiffs' motive for filing this suit had some relevance and was outside the scope of the litigation privilege, any argument referring to other lawsuits filed by Plaintiffs to establish their motive for filing this one would present the danger of the jury deciding the case based on a conclusion that Plaintiffs are overly litigious rather than based on the merits of Plaintiffs' case.  Additionally, the force of any conclusion to be drawn from the filing of other lawsuits would depend on whether the other suits were meritless or fraudulently filed and therefore would require an inquiry into the details of these other suits and their merit or lack of merit, presenting a clear danger of undue delay, waste of time, and confusion of the issues.  *See Outley v. City of New York*, 837 F.2d 587, 591-95 (2d Cir. 1988); *Hydentra HLP Int. Ltd. v. Luchian*, No. 1:15-CV-22134-UU, 2016 WL 5942525, at *2 (S.D. Fla. May 31, 2016) (citing *Outley*).

Defendants' second argument has more merit.  They point out that Plaintiffs may seek to present evidence that Defendants, early in the existence of their Oasis Amenities enterprise, budgeted amounts for litigation with Plaintiffs.  Plaintiffs will seek to use that evidence to argue that Defendants knew they were engaged in wrongdoing.  Defendants argue they should therefore be allowed to present evidence of Plaintiffs' other lawsuits as an alternative, legitimate reason for Defendants' concern over possible litigation.  In that context, if Plaintiffs present evidence regarding the defense budget, Defendants' evidence of other lawsuits would appear to be relevant but necessarily limited to the cases Plaintiffs had filed

when Defendants prepared the document budgeting for litigation,[2] assuming there is evidence Defendants were aware of these cases at the time. But, to avoid wasteful mini-trials on this issue, any reference to these cases at trial should be limited to: (1) the fact of their existence; (2) the nature of the claims in general terms; and (3) Defendants' awareness of the cases.

***"Plaintiffs' Omnibus Motions in Limine" (Doc. 391)***

Plaintiffs seek pretrial rulings precluding "golden rule" arguments, evidence regarding settlement or settlement negotiations, and references to the location of any party, attorney, or witness. In addition, Plaintiffs seek to invoke the rule of sequestration, Fed. R. Evid. 615(a).

In the Court's view, motions in limine filed in advance of trial are appropriate primarily to deal with only limited categories of issues: (1) "cat out of the bag" situations where merely referring to an issue or an item of evidence ultimately ruled to be inadmissible, or merely putting a question to a witness, may cause prejudice that cannot be cured by a contemporaneous objection, ruling on admissibility, and instructions to the jury if necessary; (2) issues that if raised at trial would require interruption of the trial for extensive and time consuming argument and/or legal analysis; and (3) issues that might shorten the length of the trial, such as by eliminating witnesses or extensive lines of testimony.

---

[2] It appears that there were two such cases, and in one of them the district court ruled on summary judgment that one of the plaintiffs' patent cases presented issues of fact to be determined at trial, which is currently scheduled for March 2026. *See Crystal Lagoons U.S. Corp. v. Cloward H2O LLC*, 767 F. Supp. 3d 1179 (D. Utah 2025)

At the July 16, 2025, case management conference, the Court asked the parties to review the topics in their motions in limine and file a notice with the Court indicating which topics, if any, fell into these categories. Plaintiffs filed a notice that identified three of the topics in their motions in limine that they believed fell into one of the three categories, but the notice did not include the topics in their Omnibus Motion in Limine. *See* (Doc. 459). The Court agrees these topics may be dealt with at trial. Accordingly, Plaintiffs' Omnibus Motion in Limine is denied without prejudice to Plaintiffs' ability to raise these issues at trial.

***"Defendants' Joint Motion in Limine" (Doc. 398)***

Defendants' joint motion in limine raises four discrete issues. In response to the Court's Order directing the parties to identify which of the issues raised in their motions in limine fell into the categories outlined above, Defendants identified three of them. (Doc. 461). The first two are their requests to exclude the "Trade Secret Identification Document" or "TSID" and another document purporting to summarize how each Defendant obtained Plaintiffs' claimed trade secrets. These documents do not appear to fall into any of the categories in which an in limine ruling is required, and the Court expects that some edited form of these documents will be useful, even if only demonstrative and not admissible, to assist the jury in understanding the evidence. The motion in limine as to these items of evidence is therefore denied without prejudice to Defendants' ability to raise the issue at trial.

Defendants also seek an in limine ruling on their request to exclude evidence or argument that Plaintiffs own certain "standalone" trade secrets. Defendants

argue that this evidence should be excluded on the ground that Plaintiffs revealed their claim of standalone trade secrets only one day before the parties' pretrial statement was due. However, Plaintiffs' corporate representative testified in deposition in October 2024 that Plaintiffs claimed the existence of the standalone trade secrets, which the witness identified by reference to specific categories in the TSID. Defendants Com Pac and Unique Aquatic Design in moving for summary judgment noted that Plaintiffs had identified both compilation and standalone trade secrets and argued that the latter did not exist or that no misappropriation had occurred. *See* (Docs. 329 at 9, 11, 14-19; 329-1; 331 at 9; 331-2; 331-3). Accordingly, the motion in limine is denied as to this ground.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) "Plaintiffs' Motion in Limine to Exclude Defendants' Evidence of Plaintiffs' Other Lawsuits" (Doc. 386) is **DENIED WITHOUT PREJUDICE**, as set forth herein.

(2) "Plaintiffs' Omnibus Motion in Limine" (Doc. 391) is **DENIED WITHOUT PREJUDICE**, as set forth herein.

(3) "Defendants' Joint Motion in Limine" (Doc. 398) is **DENIED WITHOUT**

**PREJUDICE**, as set forth herein.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of August, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE